UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY C. WELCH,

                      Plaintiff,

v.                                                    Case No. 23-C-1688

DEBRA BEKKUM et al.,

                      Defendants.

## DECISION AND ORDER

Plaintiff Anthony Welch is incarcerated at Shawano County Jail and representing himself in this 42 U.S.C. §1983 action. On December 18, 2023, along with his complaint, Welch filed a motion for leave to proceed without prepayment of the filing fee. The next day, the clerk's office mailed him a letter advising him that he is required to submit a certified copy of his institutional trust account statement for the six-month period preceding the filing of his complaint. On December 28, 2023, Welch submitted a trust account statement covering only the one-month period preceding the filing his complaint. On January 18, 2024, Welch filed a letter explaining that jail policies prevented him from obtaining a trust account statement from his prior institution. About a week later, the Court informed Welch that it could not relieve him of his obligations under 28 U.S.C. §1915(a)(2) to provide a trust account statement covering the six-month period preceding the filing of his complaint. A few weeks later, Welch filed a motion for an extension of time to comply with §1915(a)(2). He explained that he had less than a dollar in his trust account, which had been the case for at least sixty days. He repeated that jail policy prevented him from

purchasing a copy of his trust account statement from his prior institution. He stated that he wanted to comply with the Court's order, but despite his best efforts, he was unable to do so.

Based on Welch's representations, the Court decided to calculate initial partial filing fee using the trust account statement Welch had originally filed, which covered the one-month period preceding the filing of his complaint. Using the formula in §1915(b)(1), the Court ordered Welch to pay an initial partial filing fee of $80.49 within thirty days. The Court warned Welch that, if he failed to timely pay the fee or inform the Court of why he was unable to do so, the Court would deny his motion to proceed without prepaying the filing fee and would dismiss this action based on his failure to pay the filing fee. About two weeks later, Welch filed a letter explaining that he did not have sufficient funds to pay the $80.49 initial partial filing fee. He states that he does not have any money being deposited into his account and he has no way of making any money while at the jail. He further explains that the jail does not offer legal loans for any reason. Welch also filed an updated trust account statement, which includes the two-month period after he filed his complaint (January through February 2024).

As previously noted, under §1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period **immediately preceding** the filing of the complaint . . . ." (emphasis added). It appears that Welch submitted an updated trust account statement to demonstrate that he currently has no money in his regular account and no income. He does not appear to want the Court to calculate a new initial partial filing fee using this newly submitted trust account statement. But, for the sake of clarity, the Court notes that it will not recalculate the initial partial filing fee Welch owes because the recently submitted trust account statement includes activity in the two-month

period *following* the filing of the complaint, and §1915(a)(2) is clear that only activity in the six-month period *preceding* the filing of the complaint should be considered.

Welch also appears to want the Court to waive his obligation to pay the initial partial filing fee based on the fact that he currently has no money in his account, does not anticipate any deposits being made into his account, and has no opportunity for employment while at the jail. The Court will deny Welch's request. A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted).

Welch was transferred to the Shawano County Jail from a different institution on November 27, 2023, at which time $402.47 was deposited into his trust account. Welch initiated this action about three weeks later, on December 18, 2023. During that three-week period, Welch made several large canteen purchases, including one in the amount of $137.72 on the day before he initiated this action, leaving less than $40 in his account. By the end of 2023, Welch had spent all the money in his account.

The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)). That appears to be what occurred here. Welch chose to spend the limited amount of money he had at the commissary, so, while he may now be without assets

(because he spent his money), he was not without means (because he had a sizable balance in his account just a day prior to him filing his complaint). Welch bears the consequence for spending his money shortly before and after filing his complaint rather than saving some of it to pay the initial partial filing fee. Accordingly, the Court will deny Welch's request to waive his obligation to pay an $80.49 initial partial filing fee. The Court will, however, extend the deadline by which he must pay the fee to **April 1, 2024**. If he does not pay the fee by the deadline, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this action without prejudice based on his failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that, if the Court does not receive the $80.49 initial partial filing fee by **April 1, 2024**, the Court will deny Welch's motion to proceed without prepaying the filing fee and will dismiss this action based on his failure to pay the filing fee.

Dated at Green Bay, Wisconsin this <u>1st</u> day of March, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge